IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONALD BARTON, et al.,

           Plaintiffs,

v.                                                         CIVIL ACTION NO.   2:13-cv-03127

CONSTELLIUM ROLLED
PRODUCTS-RAVENSWOOD, LLC, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Now before the court is Defendants' Motion to Strike Plaintiffs' Jury Demand [Docket 52]. For the reasons set forth below, the motion is **DENIED**.

**I.    Background**

This is a class action brought by Plaintiffs Ronald Barton, Neil Knox, Elijah P. Morris, Wayne Morris, John Tabor, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW") against Defendants Constellium Rolled Products-Ravenswood, LLC ("Constellium" or the "Company") and Constellium Rolled Products-Ravenswood, LLC Employees Group Benefits Plan. The plaintiffs challenge two modifications to health benefits that Constellium provides USW retirees: (1) a cap on the amount Constellium pays toward Medicare Part B premiums; and (2) a cap on Constellium's average annual contribution to retiree medical benefits for pre-2003 retirees. (*See* First Am. Compl. ("Compl.") [Docket 36] ¶ 31). The plaintiffs allege that these modifications unilaterally reduce or terminate the health benefits of retiree class members, in violation of

collectively-bargained agreements. The defendants have brought the instant motion to challenge the plaintiffs' jury demand.

The First Amended Complaint asserts two counts against the defendants: Count I, violation of collective bargaining agreements, actionable under the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 301; and Count II, violation of Employee Benefit Plan, actionable under the Employee Retirement Income Security Act ("ERISA") § 502(a)(1), 29 U.S.C. § 1132(a)(1)(B). (*See* Compl. [Docket 36], at 12-13). The defendants argue that the plaintiffs are not entitled to a jury trial on either claim. The plaintiffs concede that they are not entitled to a jury trial on their ERISA claim but argue that they are entitled to a jury trial on their LMRA claim.

## II. Discussion

The LMRA gives the United States District Courts jurisdiction to hear cases regarding the violation of contracts between employers and labor organizations. *See* 29 U.S.C. § 185 *et seq*.

In Count I of the Complaint, the plaintiffs allege:

The collectively bargained agreements described above providing for retiree health benefits are "contract[s] between an employer and a labor organization" within the meaning of LMRA § 301, 29 U.S.C. § 185. The contracts conferred upon all Class Members a vested right to retiree health benefits throughout retirement. By announcing that they are unilaterally reducing and/or eliminating this coverage, Constellium breached these contracts.

(Compl. [Docket 36] ¶ 47).

The LMRA does not contain a statutory right to a jury trial and neither the United States Supreme Court nor the United States Court of Appeals for the Fourth Circuit[1] has ruled on whether

---

[1] Although the Fourth Circuit has not ruled on this issue, it noted in a footnote to *Quesenberry v. Volvo Trucks N. Am. Retiree Healthcare Benefit Plan*, 651 F.3d 437 (4th Cir. 2011) that the defendants had argued on appeal that the plaintiffs were not entitled to a jury trial on their LMRA claim. 651 F.3d at 442. The court did not address the issue, and instead stated "because we have already determined that the retirees are entitled to the relief they received below as a matter of law based on their LMRA claim, and because we 'can affirm on any basis fairly supported by the

there is a right to a jury trial under LMRA § 301. Therefore, I must analyze this case pursuant to the Federal Rules of Civil Procedure and the Seventh Amendment. *See Curtis v. Loether*, 415 U.S. 189, 194 (1974) ("The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law."). When a jury demand is made, a jury trial must be held "unless . . . the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Seventh Amendment provides:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII. "The right to a jury trial includes more than the common-law forms of action recognized in 1791; the phrase 'Suits at common law' refers to suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (internal quotation omitted). Therefore, if an action will resolve "legal rights," the courts must provide a trial by jury; however, if an action involves only equitable rights, a jury trial is not required

Courts conduct a two-part inquiry to determine whether the right to a jury trial exists. "First, [the court must] compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, [the court must] examine the

---

record,' *Eisenberg v. Wachovia Bank, N.A.*, 301 F.3d 220, 222 (4th Cir. 2002), we see no reason to overturn the judgment."

3

remedy sought and determine whether it is legal or equitable in nature." *Tull v. United States*, 481 U.S. 412, 417-18 (1987). "The second inquiry is the more important in [the court's] analysis." *Terry*, 494 U.S. at 565.

The first question I ask is whether an LMRA action for breach of collective bargaining agreements is historically legal or historically equitable. The defendants concede that this first prong of the test weighs in favor of the right to a jury trial. (*See* Mem. of Law in Supp. of Defs.' Mot. to Strike Pls.' Jury Demand [Docket 53], at 6). That is because actions under LMRA § 301 are "comparable to a breach of contract claim—a legal issue." *Terry*, 494 U.S. at 570. "The right to a jury trial in section 301 actions is, therefore, generally preserved." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1997).

Second, I must determine whether the relief sought by the plaintiffs is equitable or legal in nature. In the prayer for relief, the plaintiffs request that the court:

- A. Certify this action as a class action and appoint Feinstein Doyle Payne & Kravec, LLC, and Pyles Law Firm PLLC as counsel for the Subclasses.

- B. Declare that the retiree health insurance provided by the collectively-bargained agreements, including the negotiated Retired Employees' Group Insurance Program, cannot be unilaterally terminated or modified by Defendants.

- C. Permanently enjoin Defendants from terminating or modifying retiree health insurance coverage provided to Class Members under the collectively-bargained agreements, including the Retired Employees' Group Insurance Program

- D. Award to Class Representative and to Class Members retiree health insurance benefits, pursuant to the terms of the collectively-bargained agreements, including the Retired Employees' Group Insurance Program, and/or monetary damages or restitution or other monetary relief (plus interest), as necessary, to restore them to the position in which they would have been but for Defendants' contractual and statutory violations.

4

E.	Award Plaintiffs their reasonable attorneys' fees and costs incurred in this action.

		F.	Grant such further relief as may be deemed necessary and proper.

(*Id.* at 13-14). The parties dispute whether the monetary relief contained in paragraph D is legal or equitable in nature. Specifically, the plaintiffs argue that the monetary relief they request is damages for a breach of contract. The defendants, on the other hand, argue that the monetary relief the plaintiffs seek is merely incidental to the equitable relief sought.

"[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477-78 (1962). Rather, the crux of the inquiry must be focused "on the nature of the *issue* to be tried rather than the character of the overall action." *Ross v. Bernhard*, 396 U.S. 531, 538 (1970) (emphasis added).

"Generally, an action for money damages was 'the traditional form of relief offered in the courts of law.'" *Terry*, 494 U.S. at 570 (quoting *Curtis v. Loether*, 415 U.S. 189, 196 (1974)); *see also Tull*, 481 U.S. at 422 ("A civil penalty was a type of remedy at common law that could only be enforced in courts of law. Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were issued by courts of law, not courts of equity."). However, that does not mean that "*any* award of monetary relief must necessarily be 'legal' relief." *Curtis*, 415 U.S. at 196. "[A] monetary award incidental to or intertwined with injunctive relief may be equitable." *Terry*, 494 U.S. at 571 (internal quotation omitted). Nonetheless, where "a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact." *Tull*, 481 U.S. at 425 (internal quotation omitted).

5

There is currently a split of authority regarding whether monetary relief under LMRA § 301 is equitable or legal in nature. Some courts have held that the monetary awards sought by Section 301 plaintiffs is equitable, *see*, *e.g.*, *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 663 (6th Cir. 1997); *Witmer v. Acument Global Techs., Inc.*, No. 08-12795, 2010 WL 4791372, at *3 (E.D. Mich. Nov. 17, 2010); *United Mine Workers of Am. v. Am. Commercial Lines Transp. Servs.*, No. 4:08CV1777SNLJ, 2010 WL 2245084, at *5 (E.D. Mo. June 2, 2010), while the majority of courts have found that the monetary awards in Section 301 cases are legal in nature, *see*, *e.g.*, *Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522, 1526-27 (11th Cir. 1996); *Senn v. United Dominion Indus., Inc.*, 951 F.2d 809, 813-14 (7th Cir. 1992); *Soc'y of Prof. Eng'g Emps. in Aerospace v. Boeing Co.*, 921 F. Supp. 2d 1122, 1127 (D. Kan. 2013); *Cogswell v. Remy Int'l, Inc.*, No. 1:10-cv-00166-JMS-MJD, 2011 WL 5180433, at *2 (S.D. Ind. Oct. 31, 2011); *Quesenberry v. Volvo Group N.A., Inc.*, No. 1:09cv00022, 2010 WL 842323, at *6-7 (W.D. Va. Mar. 5, 2010); *Rexam, Inc. v. United Steel Workers of Am.*, No. 03-2998 AMD/AJB, 2005 WL 3803362 (D. Minn. Sept. 22, 2005).

In *Golden*, which the defendants rely heavily upon, the Sixth Circuit held that the relief the plaintiffs sought, "[b]enefits withheld from pension checks" during the relevant period, was equitable in nature. 73 F.3d at 661. The court found that the damages sought by the plaintiffs were "the out-of-pocket expenses incurred in increased deductibles and co-payments. Such damages are exactly the type of monetary relief that courts, and the Restatement, envision as equitable relief; they are incidental to the grant of equitable relief, yet are necessary to afford complete relief." *Id.*

In *Stewart*, however, the Eleventh Circuit characterized the monetary relief sought by the plaintiffs under LMRA § 301 as legal in nature. *See* 75 F.3d at 1528. The Eleventh Circuit agreed

6

with the Seventh Circuit's holding in *Senn* that in pursuing an LMRA § 301 claim, the plaintiffs have "instituted a legal claim for breach of contract and sought legal relief in the form of compensatory damages." *Id.* The *Stewart* court found that "permitting the retirees to exercise their constitutional right to a jury trial is 'consistent with the spirit of the Federal Rules of Civil Procedure, which allow liberal joinder of legal and equitable actions, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1982 ed.), which preserves the right to jury trial to both parties.'" *Id.* (quoting *Terry,* 494 U.S. at 589). It also noted that "more importantly, the Seventh Amendment right to a jury trial should be abridged, if at all, 'only under the most imperative circumstances,'" circumstances which did not exist in that case. *Id.* (quoting *Dairy Queen*, 369 U.S. at 472-73).

  I agree with the reasoning of the *Stewart* and *Senn* courts. As the Supreme Court has noted, LMRA claims are, in essence, breach of contract claims. *See Terry*, 494 U.S. at 570. The plaintiffs seek damages for the breach, a legal remedy. *See Dairy Queen*, 369 U.S. at 477 ("As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character."). A party making a legal claim for monetary damages does not lose its constitutional right to a jury trial because the claim is related to a request for injunctive relief. *See id.* at 470-71, 473 n.8 ("It would make no difference if the equitable cause clearly outweighed the legal cause so that the basic issue of the case taken as a whole is equitable."). The Supreme Court has instructed that "[m]aintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Terry*, 494 U.S. at 565 (internal quotation marks omitted). Providing for a jury trial on LMRA § 301 claims also follows the

7

Supreme Court's directive that when both legal and equitable issues are raised, "only under the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Beacon Theatres*, 359 U.S. at 510-11. I therefore **FIND** that the plaintiffs are entitled to a jury trial on their LMRA § 301 claim.

### III. Conclusion

For the reasons set forth above, Defendants' Motion to Strike Plaintiffs' Jury Demand [Docket 52] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 23, 2014

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE